WILLIAM R. SIMMONS AGT. WESLEY GARRETT.

*Practice : Default : Damages : Judgment : Interest : Error.*

1. In no event in an action upon a penal bond can damages be assessed or judgment rendered for a greater sum than the penalty of the bond.

2. A judgment can not be rendered to draw interest from a day prior to its rendition, nor can it fix a higher rate of interest than that allowed by law. In rendering a judgment for money, the court should fix the amount then due and render a judgment therefor, saying nothing about subsequent interest, which must be collected by the sheriff, or other offi-

William R. Simmons agt. Wesley Garrett.

cer, from the date or amount of the judgment, according to the rate of interest fixed by law at the rendition of the judgment.

3. In case of default in such an action an interlocutory judgment should be entered on the default, and an order made that the truth of the breaches assigned be inquired into, and the damages thereby sustained assessed.

4. Proceedings in error may be brought under the law of 1858, to reverse a judgment rendered prior to its passage.

ERROR to the District Court of the First Judicial District in and for Douglas County.

*By the Court*—PETTIT, C. J.

On the 14th day of April, 1857, Garrett sued Simmons in debt, in said district court, on a penal bond, in the penalty of $300, conditioned to make a deed for certain lots in the town of Lecompton, "as soon as the town company of the town of Lecompton should have received a legal title to said town plat, or the land on which said town is laid out," then the above named writing obligatory was to be void; otherwise, to remain in full force, dated March 22d, 1856. The defendant was duly served with process, but failed to plead to the action; and, at the October term, 1857, of said court, a default was entered against him, and judgment was rendered thereon, by the court, for $300 in debt, and $16.25 in damages, for the detention thereof, with interest thereon at the rate of ten per cent. per annum, from the first day of the term until paid. This judgment is erroneous, and must be reversed, for these reasons:

*First.* In no event, in an action on such a bond, can the damages be assessed or judgment rendered for a greater sum than the penalty of the bond.

William R. Simmons agt. Wesley Garrett.

*Second.* A judgment can not be rendered to draw interest from a day prior to its rendition, nor can it fix a higher rate of interest than that allowed by law. The rate allowed by law was six per cent., and no greater interest could be collected on a judgment. In rendering a judgment for money, the court should fix the amount then due and render a judgment therefor, saying nothing about subsequent interest, which must be collected by the sheriff or other officer, from the date and amount of judgment, in the same manner as an individual would on a note from its date and amount, according to the rate of interest fixed by law, at the rendition of the judgment.

*Third.* An interlocutory judgment should have been entered on the default, and an order should have been made, by the court, that the truth of the breaches assigned be inquired into, and the damages sustained thereby be assessed; and this should have been done by a jury, as in other cases. See Laws 1855, page 540, sections 5 and 7; same, page 561, section 42, which clearly points out this mode of proceeding.

But it is insisted, by the defendant's counsel, in an answer, put in by him, to the petition in error, that the plaintiff is estopped from prosecuting this case to a reversal, because he did not, during the term at which the judgment was rendered, take exceptions thereto, move for a new trial, etc.; and he cites, as sustaining this view, the Laws of 1855, page 574, sections 1 and 2, etc., and page 575, sections 11 and 12. These provisions do not sustain him. They apply only to appeals, and not to proceedings in error.

William R. Simmons agt. Wesley Garrett.

The Organic Act of the Territory, section 27, provides, among other things, as follows: "Writs of error, bills of exception and appeals shall be allowed in all cases, from the final decisions of said district courts to the supreme court, *under such regulations as may be prescribed by law.*"

The Laws of 1855, page 639, etc., declares that the writ of error is a writ of right, and provides the manner of issuing it, and the proceeding under it. No vested right was secured thereby to parties litigant in the *manner* then fixed for suing it out and proceedings therein. The legislature, by *once* fixing the mode or regulations, had not spent their whole power over the subject; but it was and is, at all times, within their power and right to alter and change the mode and regulations for suing out and prosecuting a writ of error, if they leave the substance of the writ and the benefit to be derived from it in full force and efficacy.

This was done in 1858. See Laws of that year, page 152, etc., where provision is made for bringing cases to this court by *petition and summons* in error, which is, in every essential and in all the rights of the parties, the common law writ of error.

ORDER.—The judgment is reversed, at the costs of the defendant in error, and the proceedings subsequent to the default are set aside; and the cause is remanded to said district court, with instructions to proceed in it in accordance with this opinion. All of which is ordered to be certified, etc.