AMERICAN SURETY COMPANY OF NEW YORK v. ANNA GEDNEY.

185 So. 844.
Division A.
Opinion Filed January 20, 1939.

*Charles J. Schuh* and *B. M. Skelton,* for Plaintiff in Error;

*Phillips & Thompson,* for Defendant in Error.

PER CURIAM.—This is an action by a divorced wife against a surety on a bond given to secure the payment of support money to a child of the divorced parties. It is a continuation of the differences presented before this Court on two prior occasions. (Gedney v. Gedney, 117 Fla. 686, 158 So. 288; American Surety Company of New York v. Gedney, 123 Fla. 703, 167 So. 355.) In American Surety Company of New York v. Gedney, *supra,* the defendant herein was compelled to pay and did pay the total sum of $1322.13 to Anna Gedney, plaintiff herein. This sum was comprised of the items of $865.00, $110.00, $61.00 and $46.00 (which add up to $1082.00), together with interest on this sum in the aggregate amount of $170.88, besides $69.25 costs advanced by defendant. The latter item does not enter into this controversy, but was allowed defendant on settlement of the judgment as reimbursement for costs advanced during the course of the litigation below.

Further and continued breaches occurred, whereupon defendant in error instituted this second suit on the bond. In her declaration she claimed the amount of support money accumulated for seventy-four weeks at $15.00 per week, amounting to $1110.00. A plea was filed setting up that there had been a prior action on this same bond, as a result of which the defendant had paid to the plaintiff, exclusive of costs, $1322.13, and that the limit of liability was $2000.00. In other words, the maximum recovery as the defendant contended was the difference between $1322.13, and $2000.00, or $677.87. A replication was filed alleging that the amount of the first judgment was $1082.00, plus interest thereon, and that "defendant is liable to plaintiff upon its bond aforesaid in the sum of $2000.00 less $1082.00, together with interest on said balance of $918.00 from the institution of this suit to the date of payment thereof."

The matter was brought on for trial before a jury, whereupon the court directed a verdict for the plaintiff. The Court directed the jury to find for the plaintiff in the principal sum of $918.00 (which is $2,000.00 less said sum of $1,082.00), plus interest in the amount of $157.42. The record shows that this suit was instituted on March 2, 1935, and was tried January 11, 1938. The interest on $918.00 for this interval of time, two years, ten months and nine days, at 6%, was computed to be $157.42. This is the judgment to which the writ of error in this case is directed.

The first question to be determined is whether the surety can be held liable for interest on the principal amount due where the effect is to exceed the penalty named in the bond

In a majority of the jurisdictions it is held that, while the debt for which the surety can be held liable is limited by the penalty named in the bond, yet interest may be collected on such debt from the time when it became the surety's duty to pay it, even though the aggregate of princi-

pal and interest is more than the penal sum. Mower v.
Kip, 29 Am. Dec. 748, 6 Paige Ch. 88; Harris v. Clap, 1
Mass. 308, 2 Am. Dec. 27; American Surety Company of
New York v. Pacific Surety Company, 81 Conn. 252, 70
Atl. 584, 19 L. R. A. (N. S.) 82; Note in 19 L. R. A. (N.
S.) 84; Note in Ann. Cas. 1914C, 1194; 16 Am. Eng. Enc
Law 1009; 11 C. J. S., Bonds, Sec. 132 (b), p. 511; 8 Am.
Jur., Bonds, Sec. 88, p. 740.

In a note in 55 L. R. A., at page 384, it is stated:

"The reason for the rule permitting a recovery of interest
as damages beyond the penalty of a bond against the sure-
ties thereon is, that the penalty of the bond covers the mis-
conduct of the principal, while the interest allowed on the
penalty is for the misconduct of the sureties for the delay in
payment. Burchfield v. Haffet, 34 Kan. 42 7, Pac. 548,
Overruling Simmon v. Garrett, McCahon, 82."

The surety is not in fact charged more than the penalty,
but he is charged as of the date when he should have paid
the debt, and if, by his neglect or refusal to pay, interest
accrues, he is himself alone to blame. Getchell & Martin
Lumber & Mfg. Co. v. Peterson & Sampson, 124 Iowa 599,
100 N. W. 550. The interest is allowed only by way of
damages for delay upon the part of the surety in making
payment after he should have done so, so that all obligee
recovers is the penalty, or rather what it would have been if
paid at the proper time. This is now the generally accepted
rule. Note in 19 L. R. A. (N. S.) 84.

There are, however, a few jurisdictions which adhere to
the rule that the penalty of the bond limits the responsibility
of one who executes it as surety, and consequently such
surety is not liable in the event of a breach for interest
beyond the penalty of the bond. Ann. Cas. 1914C, 1196;
19 L. R. A. (N. S.) 85. Even the Courts applying the
minority rule generally do not do so when it appears that

the surety has in some way resisted or obstructed the recovery of the claim against him. Ann. Cas., 1914C, 1197, and cases cited.

The next question presented by plaintiff in error in its brief is whether or not the court was in error in directing a verdict for defendant in error. The declaration, taken in connection with the plea, clearly shows that at the time of the institution of the second suit the defendant had paid only $1082.00 upon the principal, and that the balance paid by it in satisfaction of the judgment on the first suit was for interest assessed against it. The debt of defendant is liquidated. 37 C. J. 1264. There was no issue of fact made by the pleadings. The bond, defendant's liability thereon, the amount previously paid for principal, and the balance unpaid upon principal of the bond are all admitted by the pleas. The only question, aside from the computation of interest, is the legal one shown in the discussion above. Under these circumstances there was no error in the judge directing a verdict for plaintiff.

Therefore, the judgment is affirmed.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.