370 So.2d 76 (1979)
Dorothy M. HUGHES, Appellant,
v.
Howard S. IRONS et al., Appellees.
No. 78-1733.
District Court of Appeal of Florida, Second District.
April 25, 1979.
*77 Charles J. Cheves of Cheves & Rapkin, Venice, for appellants.
Robert G. Jacobson of Farr, Farr, Haymans, Moseley & Odom, Port Charlotte, for appellee Howard S. Irons.
DANAHY, Judge.
Appellant invested $17,500 in a joint venture with appellees on the basis of an oral agreement. She brought this suit to recover the amount of her investment on the ground that appellees failed to perform their obligations under the agreement and misused appellant's cash contribution. She obtained a judgment for $17,500 plus the sum of $5,019.61 in prejudgment interest. In response to appellees' post trial motions, the trial judge entered an order amending the final judgment to eliminate the prejudgment interest. Appellant has brought that order before us for review and challenges it on several grounds. One of the appellees cross-appeals, asserting that the trial judge erred in not granting his motion for a new trial in its entirety.
We find only one point to have merit. We agree with appellant that she is entitled to prejudgment interest on the principal sum awarded to her.
The joint venture of the parties was put together for the purpose of acquiring a piece of real property. The arrangement was informal and not clearly articulated, but it is undisputed that appellant did in fact pay the sum of $17,500 to appellees and in return was to have a 25% interest in the property purchased. It was appellant's understanding that two of the appellees were to invest a like sum of $17,500 each in cash, and the third was to pay the existing mortgage on the property.
Appellant claims that the terms of the joint venture agreement were breached and her funds diverted on September 28, 1973, the date on which the purchase of the property by the joint venture took place. Therefore, appellant argues, she is entitled to interest on her cash investment from that date. We agree.
At closing appellees took title to the property in their names; appellant was not named as a grantee. We cannot say that this alone constituted a breach of the joint venture agreement, since it is not clear that appellant's interest was to be represented by an undivided one-fourth ownership interest of record. Appellees never denied that appellant held a 25% interest in the joint venture.
However, at closing none of the appellees made any cash investment toward acquisition of the property. The purchase price was $60,000. Appellees obtained a mortgage loan of $30,000 covering the property and assumed an existing mortgage of approximately $22,300, for a total of $52,300. A net credit from prorated items supplied about $100 of the purchase price. The balance of approximately $7,600 came from appellant's funds.
Appellant's cash investment was placed in a bank account controlled by appellees and designated as the "Bay Harbor Trust Account." Rentals from the property acquired were added to the account later as they were collected. Approximately $7,600 from the account was disbursed when the property in question was acquired. $5,500 was paid from the account as a loan to one of the appellees. The remaining funds were used to carry the property for as long as those funds held out  that is, to pay for utilities, insurance, taxes, and other cash expenses, and to make payments on the two mortgages encumbering the property. Eventually appellees defaulted in their *78 mortgage payments and the mortgage holders foreclosed. The entire enterprise was lost.
Appellant's theories of recovery in this case were in both contract and tort. The trial judge found that she was entitled to recovery both for breach of contract and because the circumstances and appellees' conduct gave rise to a resulting or constructive trust for appellant's benefit.
As far as appellant's entitlement to prejudgment interest is concerned, it matters not whether her recovery is viewed as being grounded in contract or in tort. Her claim was liquidated. In actions ex contractu, prejudgment interest is allowable when a claim is liquidated, computed from the date the debt is found to be due. Parker v. Brinson Construction Company, 78 So.2d 873 (Fla. 1955); Town of Longboat Key v. Carl E. Widell & Son, 362 So.2d 719 (Fla. 2d DCA 1978). In a tort action, prejudgment interest is allowable when a claim is liquidated and arises out of a contract, computed from the date the cause of action arose. Parker v. Brinson Construction Company, supra; Srybnik v. Ice Tower, Inc., 183 So.2d 224 (Fla. 3d DCA 1966).
Appellees' argument to the trial judge which persuaded him to disallow prejudgment interest, and the argument appellees make here, is that appellant sought the return of trust funds held for her benefit and the rule, as stated in Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192 (1933), is that interest is not allowable on trust funds.
Appellees cannot so easily escape the full measure of the consequences of their actions. Even assuming, though it is by no means clear, that appellees originally received and held appellant's funds as trustees of an express trust for her benefit, the moment that those funds were misused and diverted to appellees' own uses and benefit, the relationship of debtor and creditor arose and interest is properly allowable as compensation to appellant from that date. Southeastern Mobile Homes, Inc. v. Transit Homes, Inc., 192 So.2d 53 (Fla. 2d DCA 1966). The rule in Everglade Cypress Co. v. Tunnicliffe, supra is not made applicable by the fact that the funds are restored through the imposition of a trust arising by operation of law.
Accordingly, we reverse the order of the trial judge amending the final judgment in this case to eliminate the award of prejudgment interest and remand with instructions that the final judgment be further amended so as to award prejudgment interest to appellant at 6% on $17,500 from September 28, 1973.
Reversed and remanded.
GRIMES, C.J., and OTT, J., concur.