CAMPBELL, Judge.
This appeal stems from a complaint below wherein the appellant/cross-appellee, Alpha Electric Supply, Inc., sued appellees on an alleged open-account indebtedness of G.E. Enterprises, Inc., and the personal guarantees of its stockholders, Gordon and Rosemary Lee, appellees/cross-appellants here.
Appellant raises two points on appeal. Those points are whether the trial court erred in granting appellees’ motion for new trial, and whether the court further erred in construing appellees’ limited liability on their personal guarantee so as to deny prejudgment interest and costs. We find merit in both points raised by appellant. Ap-pellees Lee raise one point on cross-appeal which we find has no merit.
First, while recognizing the great weight to be given to the granting of a new trial by a trial judge, we believe that appel-lees’ motion below should not have been granted. We do not here have to consider the principles set forth in Cloud v. Fallis, 107 So.2d 264 (Fla. 2d DCA 1958), for the trial judge below granted the motion for new trial not on the basis of the manifest weight of the evidence, but on what he considered an inconsistency in the verdict. The ease was submitted to the jury on the basis of a special verdict which consisted of sixteen separate questions to be answered by them. The trial court considered the answer to question four as being contradictory to the answers to the other questions *700 on the special verdict. We feel that this was an abuse of discretion. We find that at least one interpretation of the answer to question four would be entirely compatible with the answers to the other questions. However, even if this were not true, the answer to question four would not be so contradictory as to contravene the clear import of the answers to the other fifteen questions. We, therefore, reverse the trial court’s holding granting appellees’ motion for new trial.
Secondly, the trial court held that appellant would not be entitled to either costs or prejudgment interest from the date of the demand on appellees for payment under their personal guarantees, because to award costs and interest would cause the judgment to exceed the limit of their guarantees. This is contrary to the holding of our supreme court in American Surety Co. of New York v. Gedney, 136 Fla. 10, 185 So. 844 (Fla.1939), and this court, Hughes v. Irons, 370 So.2d 76 (Fla. 2d DCA 1979). Appellees’ personal guarantees here were limited to a liability not to exceed $30,000. To impose costs and prejudgment interest would cause their liability to exceed that figure. In American Surety Co. of New York, the court held that although a surety’s liability is limited to the penal amount of a bond, interest on that penal amount may be collected from the time it became the surety’s duty to pay, even though the total sum the surety must pay will then exceed the penal sum named in the bond. In Hughes, this court held that prejudgment interest, computed from the date the debt is found to be due, is allowable when a claim is liquidated. Therefore, on appellant’s appeal, we reverse the holding of the trial court and direct that the verdict should be reinstated and judgment should be entered accordingly to include costs and prejudgment interest from the date of demand, which the record indicates as November 21, 1979.
On the cross-appeal filed by appellees Lee, we affirm the trial judge’s denial of appellees’ motions for directed verdict, requested jury instruction, counterclaim and contentions of usury.
Reversed on appeal and affirmed on cross-appeal and remanded for compliance herewith.
GRIMES, A.C.J., and SCHEB, J., concur.