668 So.2d 689 (1996)
HARRIS TRUST COMPANY OF FLORIDA, as Personal Representative of the Estate of Sarah V. Davis, and James A. Davis, II, individually and as Trustee, Appellants/Cross-Appellees,
v.
Diane A. DAVIS a/k/a Diana Sutherlin, Appellee/Cross-Appellant.
Nos. 94-2356, 94-2387.
District Court of Appeal of Florida, Fourth District.
February 28, 1996.
Rehearing, Rehearing and Certification Denied April 3, 1996.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and William H. Pruitt of Pruitt & Pruitt, P.A., West Palm Beach, for appellants/cross-appellees.
W. Sam Holland of Hinshaw & Culbertson, Miami, for appellee/cross-appellant.
Rehearing, Rehearing En Banc and Certification Denied April 3, 1996.
PER CURIAM.
The final judgment being appealed and cross-appealed awarded appellee the sum of $70,180.10, plus prejudgment interest of $29,908.19, or a total of $100,088.29, plus post-judgment interest on the entire sum. We reverse.
The jury agreed with appellee that the trustees of the trust established for her benefit had not distributed to her all of the assets to which she was entitled. However, as to those matters, disputed by appellee, which the trustees fully disclosed to her, at the latest, in their amended accounting dated June 1989, appellee delayed too long in bringing her action. Section 737.307, Florida Statutes (1989), which limits proceedings against trustees after the beneficiary receives an accounting, provides, in pertinent part, as follows:

*690 Unless previously barred by adjudication, consent, or limitations, an action against a trustee for breach of trust is barred for any beneficiary who has received a final, annual, or periodic account or other statement fully disclosing the matter unless a proceeding to assert the claim is commenced within 6 months after receipt of the final, annual, or periodic account or statement.
The June 1989 amended accounting reflected the trustees' position that certain payments by one of the trustees to appellee or for her benefit actually were disbursements from the trust. Appellee did not file her complaint disputing that position until April 5, 1991, by which time she was barred from doing so by section 737.307.
Although appellee's complaint made other allegations of breach of fiduciary duty, as to which the jury found damages, which were not barred by the statute because never disclosed by way of accounting, the $70,180.10 sum of damages found was more than offset by the total of the asserted disbursements, over $100,000, which appellee had lost her right to challenge and as to which we determine the trial court erred in failing to grant appellants a directed verdict. Therefore, we remand and direct the trial court to enter judgment for appellants.
Our decision renders moot appellants' issue attacking the postjudgment interest that was awarded on the $29,908.19 in prejudgment interest included in appellee's judgment below. However, we note that this district is bound by its own precedent that postjudgment interest may be awarded solely on the damages exclusive of prejudgment interest, as we recently held in Cadillac Fairview Corp. v. Resort at Indian Spring Ltd., 664 So.2d 1041 (Fla. 4th DCA 1995), in which we certified conflict with Peavy v. Dyer, 605 So.2d 1330 (Fla. 5th DCA 1992).
The remittitur issue also is moot. Were it not moot, we would have required a remittitur in the amount of $5,100, the difference between the purchase price of appellee's residence paid from the trust and the amount credited in appellee's request for damages.
Although we agree with appellee/cross-appellant's argument on cross-appeal, involving the respective dates that prejudgment interest should commence, see Hughes v. Irons, 370 So.2d 76 (Fla. 2d DCA 1979), that issue too is rendered moot by our decision in the main appeal.
We see no error as to the other matters raised.
GUNTHER, C.J. and GLICKSTEIN and PARIENTE, JJ., concur.