BARFIELD, Chief Judge.
The surety on a bond of guardian under chapter 744, Florida Statutes (1993), ehal-.lenges on appeal the award of attorney fees and costs pursuant to section 627.428, Florida Statutes (1993). Appellant contends that section 627.428 does not apply to sureties of guardianship bonds, relying on the supreme court’s decision in DiStefano Construction, Inc. v. Fidelity and Deposit Company of Maryland, 597 So.2d 248 (Fla.1992). Furthermore, appellant contends that even if section 627.428 does apply to sureties of guardianship bonds, its total liability, including attorney fees but not interest, may not exceed the penal sum of the bond, citing section 744.357, Florida Statutes (1993). We affirm in part and reverse in part.
Contrary to appellant’s interpretation, DiStefano does not stand for the proposition that section 627.428 does not apply to sureties of particular types of bonds unless the Florida Legislature has specifically mandated the application of section 627.428 to those sureties. Rather, DiStefano merely holds that, in the claim of attorney fees in a foreclosure action against a transfer-of-lien bond, section 713.24(l)(b), the specific mechanic’s lien attorney fee provision, took precedence over section 627.428, the general attorney fee provision of the Florida Insurance Code. The court acknowledged that in some cases the Florida Legislature has mandated *586 application of section 627.428 against sureties issuing certain types of bonds, but it noted that there was no such mandate with respect to a surety issuing a transfer-of-lien bond.
... Instead, mechanic’s lien proceedings are governed by Chapter 713 of the Florida Statutes. Section 713.29, Florida Statutes (1987), provides that a prevailing party in a mechanic’s lien enforcement action is entitled to recover attorney’s fees “which shall be taxed as part of [the prevailing party’s] costs.” Accordingly, we agree with the court below that “[t]here is no need ... to look to section 627.428 for authority to award attorney’s fees in an action to foreclose on a mechanic’s lien.” Fidelity & Deposit Co. v. DiStefano Constr., Inc., 562 So.2d at 847.
Because there is no specific provision of chapter 744 providing for an attorney fee award against a surety in an action on a bond of guardian, we hold that the general attorney fee provision, section 627.428(1), applies in such cases. That statute provides:
Upon rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
We note that section 624.03 defines “insurer” to include “every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or of annuity.” See First National Bank of Miami v. Insurance Company of North America, 535 F.2d 284 (5th Cir.1976); Financial Indemnity Co. v. Steele & Sons, Inc., 403 So.2d 600 (Fla. 4th DCA 1981).
We AFFIRM the trial court’s determination that appellee is entitled to an award of attorney fees to be paid by appellant, but we find that section 744.357 explicitly limits the liability of the surety to the penal sum of the bond, except for interest from the date of the breach. See DiStefano. See also, Aetna Casualty and Surety Co. v. Buck, 594 So.2d 280 (Fla.1992); American Surety Co. of New York v. Gedney, 136 Fla. 10, 185 So. 844 (Fla.1939); Travelers Indemnity Co. v. Askew, 280 So.2d 469 (Fla. 1st DCA 1973). We therefore REVERSE the award of attorney fees and REMAND to the trial court for further proceedings consistent with this opinion. Appellee’s motion for appellate attorney fees is GRANTED, with the statutory restriction noted above. On remand, the trial court shall determine the amount of a reasonable appellate attorney fee.
In the absence of any Florida case law directly on point, and in light of the apparently conflicting rationale employed by our sister court in Dealers Insurance Co., Inc. v. Centennial Casualty Co., 644 So.2d 571 (Fla. 5th DCA 1994), rev. denied, Centennial Casualty Co. v. Dealers Insurance Co., Inc., 658 So.2d. 989 (Fla.1995), we certify to the Florida Supreme Court, as an issue of great public importance, the following question: Whether an award of attorney fees and costs pursuant to section 627.428, Florida Statutes, is authorized against a surety on a guardianship bond under chapter 744, Florida Statutes.
BOOTH and BENTON, JJ., concur.