704 So.2d 1371 (1997)
Cynthia L. NICHOLS, etc., Petitioner,
v.
PREFERRED NATIONAL INSURANCE COMPANY, Respondent.
No. 89591.
Supreme Court of Florida.
October 30, 1997.
Rehearing Denied January 29, 1998.
*1372 John C. Taylor, Jr. and Marsa S. Binion of Taylor, Day, Currie & Burnett, Jacksonville, for Petitioner.
Koko Head of Koko Head, P.A., Jacksonville, for Respondent.
OVERTON, Justice.
We have for review Preferred National Insurance Co. v. Nichols, 682 So.2d 585 (Fla. 1st DCA 1996), which concerns the amount of attorney's fees and costs to be paid by a surety on a guardianship bond. In this case, the district court concluded that an award of attorney's fees and costs is authorized against a surety on a guardianship bond under section 627.428, Florida Statutes (1995). The district court further concluded, however, that it is improper to award attorney's fees and costs in excess of the face amount of the guardianship bond given the limitation set forth in chapter 744, Florida Statutes (1995). In so holding, the district court certified the following question as one of great public importance:
WHETHER AN AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO SECTION 627.428, FLORIDA STATUTES, IS AUTHORIZED AGAINST A SURETY ON A GUARDIANSHIP BOND UNDER CHAPTER 744, FLORIDA STATUTES.
Id. at 586. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we quash the district court's decision, and we answer the certified question in the affirmative. We hold that, when a surety unreasonably delays in investigating a claim against a guardianship bond, an award of attorney's fees and costs may exceed the face amount of the bond.
The relevant facts reflect that Vitrina Boss, mother of Brittany and Morgan Boss (minors), died at a medical center several weeks after giving birth to Morgan. Everett Boss, the father of the minors, settled the claims of the minors arising from their mother's death. Boss was appointed the guardian of the minors and ordered to provide a $66,000 guardianship bond to cover the amount the minors would receive. Preferred National Insurance Company (Preferred) executed and delivered the bond to Boss on the condition that Boss perform his duties as guardian according to law.
Boss received $64,818.75 on behalf of the minors and proceeded to spend the funds without benefit to the minors and without court approval. After Boss wrongfully expended the funds, the court sua sponte removed him as guardian. The court then appointed Cynthia Nichols guardian of the minors and ordered Boss to deliver the guardianship assets to Nichols. When Boss delivered only $1,589.55, Nichols demanded payment of $66,000 from Preferred under the guardianship bond.
Six months later, Preferred had not made payment and Nichols filed suit seeking damages, costs, prejudgment interest, and attorney's fees pursuant to section 627.428, Florida Statutes (1995), the attorney's fee provision under the chapter governing insurance rates and contracts. The complaint sought recovery from Preferred under the *1373 bond for Boss's breach of his statutory duties as guardian and also stated that Preferred failed to make payment and refused repeated demands for same. In its answer, Preferred acknowledged Boss's misappropriations, but claimed that it had not satisfied Nichols' demand because it had been in the process of investigating the case.
The trial court entered summary final judgment against Preferred in the amount of $70,442.53, representing $63,229.20 principal and $7,213.33 prejudgment interest. The court reserved jurisdiction to award costs and attorney's fees. Nichols then served a writ of garnishment on Preferred's operating account and the sum of $70,999.91 was released to Nichols. No appeal on that judgment was filed.
Nichols then requested and was awarded attorney's fees pursuant to section 627.428 in the amount of $26,637 and costs in the amount of $707.25. The trial court reasoned that section 627.428 governed the award of attorney's fees because Preferred was an insurer for purposes of that section. Consequently, the trial court concluded that, under American Surety Co. v. Gedney, 136 Fla. 10, 185 So. 844 (1939), Preferred was liable for attorney's fees and costs above the face amount of the bond for its own actions in delaying payment. The trial court further explained that Preferred's fourteen-month delay in satisfying its obligations under the bond was an example of the type of action sought to be prevented by the enactment of section 627.428.
On appeal, the First District Court of Appeal agreed that Nichols was entitled to attorney's fees and costs under section 627.428. The district court found, however, that section 744.357, Florida Statutes (1995), limited any such fees to the face amount of the bond because that section specifically provides that "[n]o surety for a guardian shall be charged beyond the property of the ward."

Attorney Fees and Costs under Section 627.428
Section 627.428(1) provides:
(1) Upon rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
(Emphasis added.) That section is part of the "Florida Insurance Code." § 624.01, Fla. Stat. (1995). Terms used in that code are set forth in chapter 624, which defines "insurer" to include "every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or annuity." Id. § 624.03 (emphasis added). In looking to section 627.428 to award attorney's fees and costs, the district court stated: "Because there is no specific provision of chapter 744 providing for an attorney fee award against a surety in an action on a bond of guardian, we hold that the general attorney fee provision, section 627.428(1), applies in such cases." Nichols, 682 So.2d at 586. In reaching its decision, the district court noted that the Fifth District Court of Appeal had reached a contrary conclusion in Dealers Insurance Co. v. Centennial Casualty Co., 644 So.2d 571 (Fla. 5th DCA 1994)(section 627.428 does not apply to surety of motor vehicle bonds), review denied, 658 So.2d 989 (Fla.1995).
The application of section 627.428 to guardianship bonds is an issue of first impression for this Court. We find, however, that the plain language of section 627.428 states that reasonable attorney's fees and costs are to be awarded against an insurer upon rendition of a judgment against the insurer in favor of the insured or beneficiary. Additionally, the term "insurer" is clearly defined under the Florida Insurance Code to include a "surety." See § 624.03. Further, there is no provision governing an award of attorney's fees under chapter 744. Given the absence of another statutory provision governing this issue, we agree with the district court and hold that section 627.428 allows for attorney's fees and costs to be awarded in *1374 guardianship bond cases. Cf. DiStefano Constr., Inc. v. Fidelity & Deposit Co., 597 So.2d 248 (Fla.1992) (need not look to section 627.428 when another statute exists to govern award of attorney's fees). We disapprove Dealers to the extent it holds that section 627.428 does not apply to sureties.

The Effect of Section 744.357
Having determined that attorney's fees may be awarded under section 627.428, we must next address whether such attorney's fees are limited by section 744.357 to the amount of the bond. In this regard, we disagree with the district court's conclusion that section 744.357 limits the damages to the face amount of the bond in all cases.
As previously stated, section 744.357 provides that "[n]o surety for a guardian shall be charged beyond the property of the ward." Although this provision does appear to limit the amount of recovery from a surety to the face amount of a guardianship bond, this Court has previously recognized an exception to such limitations on recovery. In Gedney, we concluded that prejudgment interest could exceed the face amount of a bond given to secure the payment of child support even thought the debt itself was limited by the penalty named in the bond. 136 Fla. at 13, 185 So. at 844. In so holding, we explained:
"The reason for the rule permitting recovery of interest as damages beyond the penalty of a bond against the sureties thereon is, that the penalty of the bond covers the misconduct of the principal, while the interest allowed on the penalty is for the misconduct of the sureties for the delay in payment."
Id. at 13, 185 So. 844 (quoting Note, 55 L.R.A. 381, 384 (1902)). This Court further explained that, in requiring the surety to pay interest, the surety was simply being charged interest from the date the debt should have been paid, and that if any interest accrued, the surety alone was to blame based on its own neglect and lack of diligence or refusal to pay the claim when it was due. Id. Thus, this Court specifically recognized a distinction between the misconduct of the principal, which the sum of the bond covers, and the neglect of the surety for delay in payment, which is covered by interest on the amount of the bond.
In the instant case, Nichols is seeking attorney's fees and costs that fall into the same category as the interest penalty awarded against the surety in Gedney. Like the interest penalty awarded in that case, the attorney's fees and costs in this case were incurred because Preferred failed to diligently investigate the claim and to timely pay Nichols' claim under the bond when the principal failed to perform his guardianship duties. Preferred alone is to blame for the attorney's fees and costs incurred by Nichols because, had Preferred timely paid the claim, no such fees and costs would have accumulated. Neither Nichols as the new guardian nor the beneficiaries of the guardianship bond should be forced to reduce the payment received under the bond by the amount of attorney's fees and costs incurred as a result of the surety's delay.
To ensure that sureties are protected from having to pay amounts over the face amount of the bond due to a principal's misconduct but that the beneficiaries are not required to reduce the amount received under the bond when the surety itself is negligent or unreasonable in failing to timely pay a claim, we hold as follows: When principals misappropriate guardianship funds or insufficiently discharge their duties, attorney's fees and costs for a claim based solely on this negligence are limited to the face amount of the bond pursuant to section 744.357; however, when the trial court specifically determines that attorney's fees and costs were incurred because a surety failed to act diligently and unreasonably delayed the payment of a claim, such attorney's fees and costs are not protected by section 744.357. In this case, the trial court made such a finding. Thus, attorney's fees and costs over the face amount of the bond were properly awarded to Nichols.
In reaching our conclusion today, we emphasize that the filing of a claim, by itself, does not justify an award of costs and attorney's fees over the amount of the bond. A surety must be given a reasonable time to investigate and pay the claim. It is for the *1375 trial court to determine whether any delay in paying the claim was unreasonable. Each claim will present different circumstances and must be evaluated on a case-by-case bases to determine whether the surety was proceeding reasonably. In the instant case, the record establishes that the trial court found that Preferred acted unreasonably in delaying payment of the claim and that, but for that delay, Nichols would not have been forced to file and pursue this action all the way to a garnishment proceeding.
We also emphasize that this case involves unreasonable delay and negligence rather than bad faith.
Accordingly, we approve that portion of the district court's opinion holding that section 627.428 applies to an award of attorney's fees and costs in a guardianship bond action, and we answer the certified question in the affirmative. However, we quash the district court's decision limiting attorney's fees and costs to the face amount of the bond, and we remand this case with directions that the trial court judgment be reaffirmed.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.