713 So.2d 434 (1998)
OLD REPUBLIC SURETY COMPANY, Appellant,
v.
William E. REISCHMANN, as Personal Representative of the Estate of George W. Toupin, Deceased, Appellee.
No. 97-02760.
District Court of Appeal of Florida, Second District.
June 3, 1998.
David T. Knight and Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa, for Appellant.
Patricia J. Kelly of Harris, Barrett, Mann & Dew, St. Petersburg, for Appellee.
PARKER, Chief Judge.
Old Republic Surety Company (Old Republic) appeals the probate court's judgment awarding attorneys' fees and costs against it in favor of the estate of George W. Toupin, deceased, arguing that its liability as surety should have been limited to the penal sum of its bond. We affirm in accordance with Nichols v. Preferred National Insurance Co., 704 So.2d 1371 (Fla.1997).
In 1990, the probate court appointed Mary Rose Shea to act as successor guardian of her stepfather, the late George W. Toupin (the Ward). In connection with her service as successor guardian, Ms. Shea procured a bond in the penal sum of $50,000. Thereafter, Old Republic assumed liability under the bond.
Approximately five years later, the probate court appointed an attorney to act as the Ward's guardian ad litem and to investigate certain actions of Ms. Shea. That investigation revealed that Ms. Shea was two years behind paying nursing home bills for the *435 Ward, that she was using guardianship funds to pay her home mortgage, that she failed to file accountings for two years, that she failed to collect sums due to the Ward from family members, and that she was using guardianship assets for her personal gain. The probate court authorized the guardian ad litem to file an action against Ms. Shea and Old Republic. The guardian ad litem petitioned the court to remove, sanction, and surcharge Ms. Shea and also sought a money judgment against Old Republic for damages, attorneys' fees, and interest.
Old Republic retained counsel to defend the action and contacted Ms. Shea. Ms. Shea informed Old Republic that there were no assets in the Ward's estate, but represented that her siblings were willing to release their claims to the estate. However, Old Republic abandoned its efforts to obtain such releases when it was informed that some of the sibling beneficiaries would not sign the proposed waivers/releases.
In the meantime, Ms. Shea undertook efforts to defend the allegations of misconduct. She filed a petition for leave to file a supplemental final accounting and an explanatory statement concerning prior guardianship transactions. In her answer and defenses to the guardian ad litem's surcharge petition, Ms. Shea asserted that she had complied with all court orders relating to the filing of accountings, and that she had not misused or misappropriated guardianship funds. Finally, Ms. Shea filed a cumulative amendment and supplement to her prior guardianship accountings covering seven years.
Following a trial on the guardian ad litem's petition for removal and surcharge, the probate court announced that it was going to enter an order surcharging Ms. Shea and removing her as guardian, as well as requiring Old Republic to pay the full penal sum of the bond to the estate. Old Republic paid the penal sum, $50,000, to the estate one week before the probate court entered its written order. Thereafter, the estate sought attorneys' fees and costs in excess of the penal sum of the bond.
The determinative issue in this appeal is whether the probate court abused its discretion in determining that an award of attorneys' fees and costs in excess of the penal sum of the bond was warranted based upon Old Republic's conduct. Old Republic initially argued that it could not be held liable for attorneys' fees and costs beyond the penal sum of its bond because its duty to pay on the bond did not arise until the guardian's liability was established by the order removing and surcharging Ms. Shea. Old Republic cited Florida cases[1] that indicate that a surety is not required to pay a judgment until the principal's liability is established and proof is offered that the principal cannot pay. However, the recent Nichols opinion indicates otherwise.
Nichols concluded that section 627.428, Florida Statutes (1995),[2] regarding attorneys' fees and costs, does apply to actions against sureties of guardianship bonds. See 704 So.2d at 1373-74. Nichols also concluded that section 744.357, Florida Statutes (1995),[3] does not preclude an award of attorneys' fees and costs beyond the penal sum of the guardianship bond where the attorneys' fees and costs were incurred as a result of the surety's misconduct, rather than that of the principal. See 704 So.2d at 1374. The supreme court stated that misconduct, in this sense, means the failure to act diligently and pay the claim without unreasonable delay. See *436 id. Finally, Nichols concluded that the determination of whether the delay in paying the claim was unreasonable is a matter within the trial court's discretion and must be determined on a case-by-case basis. See id. at 1374-75.
In response to the supreme court's opinion in Nichols, which was not released until after the probate court's order was issued below, Old Republic argues that it did not unreasonably delay payment on the bond because it paid the claim one week prior to the entry of the probate court's order. However, Old Republic's argument is flawed. Payment on the bond becomes due when the misconduct of the principal occurs, not when the principal's liability is established by court order.
Therefore, the award of attorneys' fees and costs in these circumstances is premised on the fact that when the estate is forced to litigate in order to secure payment on a bond, the ultimate value of the bond is diminished by the litigation costs. To ensure that the estate receives the full value of the bond, the attorneys' fees and costs should be assessed against the surety, unless the surety was justified in delaying payment under the bond.
Accordingly, under Nichols, Old Republic could be held liable for attorneys' fees and costs in excess of the penal sum of its bond, even though it paid the claim prior to the entry of the judgment against the guardian, if its delay in payment was unreasonable. See Nichols, 704 So.2d at 1374 ("[T]he filing of a claim, by itself, does not justify an award of costs and attorney's fees over the amount of the bond. A surety must be given a reasonable time to investigate and pay the claim."). Because the supreme court has indicated that the determination concerning reasonableness is to be made on a case-by-case basis, we now look to the findings of the probate court.
In its order surcharging guardian and taxing attorneys' fees, the trial court made the following findings:
h. During the course of the removal and surcharge proceedings, the Respondent surety insurer [Old Republic] actively opposed the surcharge claim and aggressively defended the case from the perspective of the Respondent Successor Guardian, and not from the perspective of its insured, the Guardianship.
i. The Respondent surety insurer's conduct went beyond fair dealing and constituted bad faith.
We conclude that these findings are sufficient to support a determination that Old Republic's delay in payment was unreasonable.
Accordingly, the trial court did not abuse its discretion in awarding attorneys' fees and costs to the estate. "If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
Finally, while we agree that Nichols supports our affirmance, we express concern over the long-range impact of Nichols. We foresee many cases where the surety will launch an investigation of a guardian's actions and the guardian will not cooperate. Without the cooperation of the guardian, the investigation may prove very time consuming and costly. Thereafter, the surety will be required to justify to the trial court that it acted diligently and reasonably in failing to pay the claim when it became due. As Nichols has recognized, each case will be decided upon the diligence of the surety's investigation and the reasonableness of failing to pay the claim based upon that investigation. Because of Nichols, surety bonds in these cases may become harder and more expensive to obtain.
Affirmed.
BLUE and QUINCE, JJ., concur.
NOTES
[1] Laramore v. Laramore, 64 So.2d 662 (Fla.1953); Sessions v. Willard, 126 Fla. 848, 172 So. 242 (1937); Biltmore Constr. Co. v. National Union Fire Ins. Co. of Pittsburgh, 572 So.2d 532 (Fla. 2d DCA 1990).
[2] Section 627.428(1), Florida Statutes (1995) provides:

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
[3] Section 744.357, Florida Statutes (1995) provides: "No surety for a guardian shall be charged beyond the property of the ward."