763 So.2d 1149 (2000)
GEM BROADCASTING, INC., Appellant,
v.
Gary A. MINKER, Appellee.
No. 99-1707.
District Court of Appeal of Florida, Fourth District.
January 19, 2000.
*1150 Peter M. Bassaline of Farish, Farish & Romani, West Palm Beach, for appellant.
Geoffrey C. Burdick of Burdick, P.A., West Palm Beach, for appellee.
GROSS, J.
Gem Broadcasting, Inc. ("Gem") appeals a final judgment awarding appellee Gary Minker $10,550 in damages, along with pre-judgment interest and costs. Finding competent, substantial evidence to support the damage award, we affirm.
After a bench trial, the judge found that a contract implied in fact existed between Minker and Gem for Minker to provide the corporation with consulting services.
In a non-jury trial, it is the obligation of the trial judge to reconcile conflicts, to determine the credibility of witnesses, and to evaluate the reasonableness and weight of the evidence presented. An appellate court must accept "a determination of facts made by the trial judge where the record discloses testimony from which the trial judge could have determined the facts...."
Casey v. Cohan, 740 So.2d 59, 60 (Fla. 4th DCA 1999) (quoting Pergament v. Pergament, 117 So.2d 26, 29 (Fla. 2d DCA 1959)) (citations omitted).
The judge accepted Minker's trial testimony that he worked a total of thirty days. An abundance of evidence at trial supported the trial court's valuation of Minker's services at $385 per day. Contrary to Gem's contention on appeal, the trial court was not precluded from considering Minker's unaccepted proposal for a contract when assessing the reasonable value of Minker's services. See Fred McGilvray, Inc. v. Delphian Group, Inc., 424 So.2d 891, 892 (Fla. 3d DCA 1982).
Gem also argues that Minker may not recover on a "quantum meruit" claim because he failed to establish that he conferred a benefit on the company. Gem's argument confuses a contract implied in fact with a contract implied in law. In Commerce Partnership 8098 Limited Partnership v. Equity Contracting Co., 695 So.2d 383 (Fla. 4th DCA 1997) (en banc), we recognized that the term "quantum meruit" has been applied to contracts implied in fact as well as to those implied in law. We wrote in Commerce Partnership that:
A contract implied in fact is one form of an enforceable contract; it is based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words. Where an agreement is arrived at by words, oral or written, the contract is said to be "express." A contract implied in fact is not put into promissory words with sufficient clarity, so a fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement. It is to this process of defining an enforceable agreement that Florida courts have referred when they have indicated that contracts implied in fact "rest upon the assent of the parties."
. . . .

*1151 Common examples of contracts implied in fact are where a person performs services at another's request, or "where services are rendered by one person for another without his expressed request, but with his knowledge, and under circumstances" fairly raising the presumption that the parties understood and intended that compensation was to be paid. In these circumstances, the law implies the promise to pay a reasonable amount for the services.
Id. at 385-86 (citations omitted).
In contrast to a contract implied in fact, "[a] contract implied in law, or quasi contract, is not based upon the finding, by a process of implication from the facts, of an agreement between the parties." Id. at 386.
A contract implied in law is a legal fiction, an obligation created by the law without regard to the parties' expression of assent by their words or conduct. The fiction was adopted to provide a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation.
Id. (citations omitted).
A necessary element of a cause of action for a contract implied in law is that the plaintiff has conferred a benefit on the defendant. See id. However, the enforceability of a contract implied in fact is based on an implied promise, "not on whether the defendant has received something of value." See id. at 387. In Commerce Partnership, we gave an example that is similar to the fact situation in this case:
[A] common form of contract implied in fact is where one party has performed services at the request of another without discussion of compensation. These circumstances justify the inference of a promise to pay a reasonable amount for the service. The enforceability of this obligation turns on the implied promise, not on whether the defendant has received something of value. A contract implied in fact can be enforced even where a defendant has received nothing of value.
Id. For these reasons, it was unnecessary for Minker to prove that he conferred a benefit on Gem in order to recover a judgment.
On the remaining point on appeal, we do not read the final judgment as awarding interest on pre-judgment interest, so there is no conflict with Harris Trust Co. of Florida v. Davis, 668 So.2d 689 (Fla. 4th DCA 1996), or Cadillac Fairview Corp. v. Resort at Indian Spring Ltd., 664 So.2d 1041 (Fla. 4th DCA 1995).
AFFIRMED.
STEVENSON, J., and BAILEY, JENNIFER D., Associate Judge, concur.