KLEIN, J.
The general contractor and the sureties on a performance bond appeal a final judgment in the amount of $3,705,722 for defective construction of a university dormitory. Included in the jury verdict was the amount of $750,000 awarded against the contractor and the sureties for damages resulting from delay in completion of the project. The $750,000 represented an amount estimated to be the cost that the university will incur for relocating students living in the defectively constructed dormitory while repairs are made. We conclude that the trial court erred in allowing recovery of that amount against the sureties, but affirm the judgment in all other respects.
The performance bond made the sureties hable, if the contractor defaulted, for “the cost of completion less the balance of the contract sum.” Because the performance bond contains no provision for damages for delay, the surety cannot be held liable for such damages. American Home Assur. Co. v. Larkin Gen. Hosp. Ltd., 593 So.2d 195 (Fla.1992). The Board of Regents points out that our supreme court limited its holding in Larkin to cases in which the delay damages are due to the contractors default. Id. n. 2. In the present case, however, the $750,000 award for delay was based on evidence that students would have to be relocated in order for the contractor’s defective work to be repaired. It was not related to any breach of duty by the sureties. Any delay in payment by the sureties is covered by interest. Nichols v. Preferred Nat’l Ins. Co., 704 So.2d 1371, 1374 (Fla.1997)(recognizing “a distinction between the misconduct of the principal, which the sum of the bond covers, and the neglect of the surety for delay in payment, which is covered by interest on the amount of the bond”).
We have considered the other issues raised and find them to be without merit. We therefore affirm the judgments except for the award of delay damages against the sureties.
GUNTHER and STEVENSON, JJ., concur.