PER CURIAM.
Appellant/Defendant William Armstrong appeals an entry of judgment in an amount that exceeds the limit provided in his personal guaranty of a note executed by Co-Defendant NGLC to Appellee/Plaintiff Bank of America, N.A. Because we find that a court may impose against a guarantor an award of prejudgment interest that causes a judgment to exceed the stated limit of the guaranty, we affirm.
Armstrong guaranteed payment of NGLC’s note in the amount of $1,072,500.00. When the note went into default, Bank of America sued both NGLC and Armstrong. The trial court entered judgment for the bank in the principal amount of $1,072,500.00, plus prejudgment interest in the amount of $61,998.13 for a total award of $1,134,498.13. Although the award of prejudgment interest in this case caused the final judgment to exceed the limit stated in Armstrong’s guaranty, we hold that Florida law permits such an award. A guarantor’s total liability after litigation on the guaranteed note may ex *327 ceed the stated limit where the additional amount is the result of the imposition of prejudgment interest which accrues as a matter of law. See Alpha Elec. Supply, Inc. v. G.E. Lee Enters., Inc., 441 So.2d 698, 700 (Fla. 2d DCA 1988) (guarantors’ personal guarantees limited their total liability to $30,000.00; nevertheless, they were held hable for prejudgment interest on the liquidated claim irrespective of the limits contained in their guaranties).
Affirmed.