SAWAYA, J.
 

 The issue we must resolve is whether section 627.428(1), Florida Statutes (2009), authorizes an award of attorney’s fees against a surety that has issued a motor vehicle dealer bond pursuant to section 320.27(10), Florida Statutes (2009). This issue emanates from an order denying a motion for attorney’s fees filed by Appellants, Troy E. Snow and Amy Snow, in the underlying suit they brought against Ap-pellees, Jim Rathman Chevrolet, Inc., and Fidelity and Deposit Company of Maryland. We reverse the order denying fees and hold that section 627.428(1) does authorize an award of attorney’s fees against a surety that has issued a bond pursuant to section 320.27(1).
 

 This case involves a defective motor vehicle the Snows purchased from Rathman Chevrolet. Prior to the purchase, Rath-man Chevrolet had obtained from Fidelity a dealer surety bond as required under section 320.27(10). When the defects in the vehicle were discovered, the Snows filed a multi-count complaint alleging fraud, deceptive and unfair trade practices, violations of both the Florida Motor Vehicle Retail Sales Finance Act and the Truth in Lending Act, and a claim against Rath-man Chevrolet’s motor vehicle dealer bond issued by Fidelity. In the complaint, the Snows requested attorney’s fees, alleging entitlement under section 627.428(1). The suit made its way to arbitration pursuant to an arbitration agreement the Snows had executed when they purchased the vehicle. After a default was entered against Rath-man Chevrolet, Fidelity stipulated to a judgment for damages against the bond and an arbitration award was entered in favor of the Snows for the stipulated amount. The trial court approved the arbitration award and specifically reserved jurisdiction to determine the Snows’ claim for attorney’s fees and costs.
 

 Although the trial court held a hearing on the request for fees and costs, it confined itself to the issue of fees and did not address costs. Concluding that section 627.428(1) does not allow an award of fees against a surety that has issued a bond under section 320.27(10), the trial court entered the order we now review.
 

 Our analysis of the issue before us begins with the pertinent statutory provisions. Because this issue primarily involves a matter of statutory interpretation, the appropriate standard of review is de novo.
 
 Brass & Singer, P.A. v. United Auto. Ins. Co.,
 
 944 So.2d 252, 253 (Fla.2006).
 

 Section 627.428(1) is part of the Florida Insurance Code, which governs all aspects of the insurance industry, including insurance rates and contracts.
 
 [1]
 
 This particular statute provides for attorney’s fees:
 

 (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree
 
 *370
 
 against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which recovery is had.
 

 § 627.428(1), Fla. Stat. (2009). These provisions apply in virtually all insurance suits, and they are considered an implicit part of every insurance contract.
 
 State Farm Fire & Cas. Co. v. Palma,
 
 629 So.2d 830, 832 (Fla.1993).
 

 In order to cover consumer losses, section 320.27(10) requires that before a license is issued to a motor vehicle dealer, the dealer must either obtain a surety bond in the amount of $25,000 or a letter of credit. Specifically, the statute states:
 

 (10) Surety bond or irrevocable letter of credit required.
 

 (a) Annually, before any license shall be issued to a motor vehicle dealer, the applicant-dealer of new or used motor vehicles shall deliver to the department a good and sufficient surety bond or irrevocable letter of credit, executed by the applicant-dealer as principal, in the sum of $25,000.
 

 (b) Surety bonds and irrevocable letters of credit shall be in a form to be approved by the department and shall be conditioned that the motor vehicle dealer shall comply with the conditions of any written contract made by such dealer in connection with the sale or exchange of any motor vehicle and shall not violate any of the provisions of chapter 319 and this chapter in the conduct of the business for which the dealer is licensed. Such bonds and letters of credit shall be to the department and in favor of any person in a retail or wholesale transaction who shall suffer any loss as a result of any violation of the conditions hereinabove contained. When the department determines that a person has incurred a loss as a result of a violation of chapter 319 or this chapter, it shall notify the person in writing of the existence of the bond or letter of credit. Such bonds and letters of credit shall be for the license period, and a new bond or letter of credit or a proper continuation certificate shall be delivered to the department at the beginning of each license period. How-ever, the aggregate liability of the surety in any one year shall in no event exceed the sum of the bond or, in the case of a letter of credit, the aggregate liability of the issuing bank shall not exceed the sum of the credit.
 

 A surety is considered by the courts to fit within the definition of insurer and to be subject to the same regulations as insurers in the Florida Insurance Code.
 
 Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins.,
 
 945 So.2d 1216, 1224 (Fla.2006) (quoting section 624.03, Florida Statutes, which defines an insurer as “every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or of annuity”) (emphasis omitted);
 
 Nichols v. Preferred Nat’l Ins. Co.,
 
 704 So.2d 1371, 1372 (Fla.1997). In
 
 Nichols,
 
 for example, the court held that section 627.428 allows awards of attorney’s fees against sureties that issue guardianship bonds. The question presented here is whether section 627.428 allows attorney’s fees against a surety that issues motor vehicle dealer bonds.
 

 We believe the analysis in
 
 Nichols
 
 is instructive. The court in
 
 Nichols
 
 first concluded that under the plain language of section 627.428, “reasonable attorney’s fees and costs are to be awarded against an insurer upon rendition of a judgment against the insurer in favor of the insured or beneficiary.”
 
 Nichols,
 
 704 So.2d at 1373. Second, the court concluded that sureties fit the definition of “insurers” in the Florida Insurance Code, which in-
 
 *371
 
 eludes section 627.428.
 
 Id.
 
 Third, the court examined whether a specific provision existed governing attorney’s fees under the statute requiring the bond, specifically looking to the chapter governing guardianship bonds, chapter 744, Florida Statutes (1995).
 
 Id.
 
 When the court found no specific statute in chapter 744 governing attorney’s fees, it held that attorney’s fees are allowed under the general provision of section 627.428.
 
 Id.
 

 Although
 
 Nichols
 
 involved guardianship bonds, for purposes of our analysis, we do not see any notable difference between sureties that issue guardianship bonds and those, like Fidelity, that issue motor vehicle dealer bonds. Applying the
 
 Nichols
 
 analysis, we conclude that Fidelity is a surety that fits the definition of insurer for purposes of applying the provisions of section 627.428. We do not find any specific statute that governs attorney’s fees in instances involving dealer bonds issued under section 320.27(10). Accordingly, we hold that Fidelity, as an insurer, is subject to the attorney’s fees provisions of section 627.428.
 

 Fidelity apparently finds some comfort in the decision in
 
 Hubbel v. Aetna Casualty & Surety Co.,
 
 758 So.2d 94 (Fla.2000), but we think Fidelity’s rebanee on that case is misplaced and the trial court’s reliance on that case was erroneous.
 
 [2]
 
 The majority in
 
 Hubbel
 
 held that attorney’s fees cannot be recovered from a surety that issued a motor vehicle dealer bond under section 320.27(10) because that statute does not provide for attorney’s fees.
 
 Hubbel,
 
 758 So.2d at 97. The issue of whether the provisions of section 627.428 applies to sureties that issue surety bonds under section 320.27(10) was not properly raised by the parties and. therefore was not considered by the court in
 
 Hubbel.
 

 We find it noteworthy that the concurring opinion in
 
 Hubbel,
 
 after recognizing the absence of a proper request for fees under section 627.428, approved of
 
 Nichols’s
 
 application of section 627.428 attorney’s fees to surety bonds, indicating that attorney’s fees under that statute may be awarded against sureties that issue motor vehicle dealer bonds:
 

 Hubbel and the Herberts alternatively claim entitlement to attorney’s fees under section 627.428(1), Florida Statutes, because this Court recently concluded in
 
 Nichols v. Preferred National Insurance Co.,
 
 704 So.2d 1371, 1373 (Fla. 1997), that attorney’s fees may be recovered from surety companies under that statutory provision. I would agree with this alternative position had it been properly presented in the courts below.
 

 In
 
 Nichols,
 
 this Court found that section 627.428(1) applies to sureties because a surety is considered an “insurer” as used in that statutory subsection.
 
 See Nichols,
 
 704 So.2d at 1373 (relying on the definition of “insurer” set forth in section 624.03, Florida Statutes (1995)). Although
 
 Nichols
 
 involved a surety on a guardianship bond, this Court disapproved
 
 Dealers Insurance Co. v. Centennial Casualty Co.,
 
 644 So.2d 571 (Fla. 5th DCA 1994), which involved a surety on a motor vehicle dealer bond under section 320.27(10), “to the extent that
 
 [Dealers
 
 ] holds that section 627.428
 
 *372
 
 does not apply to sureties.”
 
 Nichols,
 
 704 So.2d at 1374. In fact, this Court has consistently applied section 627.428, Florida Statutes, in the surety context.
 
 See Danis Indus. Corp. v. Ground Improvement Techniques, Inc.,
 
 645 So.2d 420 (Fla.1994);
 
 Insurance Co. of North America v. Acousti Eng’g Co. of Florida,
 
 579 So.2d 77 (Fla.1991),
 
 receded from on other grounds by Turnberry Assocs. v. Service Station Aid, Inc.,
 
 651 So.2d 1173 (Fla.1995). The apparent public policy underlying section 627.428 is to discourage insurers, including sureties, from contesting valid claims and to reimburse those forced into litigation to enforce their rights.
 
 See, e.g., Bell v. U.S.B. Acquisition Co.,
 
 734 So.2d 403, 410 n. 10 (Fla.1999);
 
 State Farm Fire & Cas. Co. v. Palma,
 
 629 So.2d 830, 833 (Fla.1993).
 

 Hubbel,
 
 758 So.2d at 104 (Lewis, J., concurring in part and dissenting in part).
 

 We conclude that section 627.428 does apply to sureties that issue motor vehicle dealer bonds under section 320.27(10). We also conclude that the trial court should have resolved the issue of costs. We reverse the order denying attorney’s fees and remand this case to the trial court to determine the amount of fees and costs.
 

 REVERSED and REMANDED.
 

 ORFINGER and TORPY, JJ., concur.
 

 [1]
 

 . The Florida Insurance Code is comprised of sixteen different chapters in the Florida Statutes. § 624.01, Fla. Stat. (2009).
 

 [2]
 

 . The trial court also erred in relying on this court’s decision in
 
 Dealers Insurance Co. v. Centennial Casualty Co.,
 
 644 So.2d 571 (Fla. 5th DCA 1994). This court held in
 
 Dealers
 
 that fees were not proper because the provisions of the motor vehicle dealer bond did not provide for fees. By focusing on the bond provisions, this court did not treat sureties as insurers and therefore ignored the provisions of section 627.428. The court in
 
 Nichols
 
 overruled
 
 Dealers,
 
 stating that “[w]e disapprove
 
 Dealers
 
 to the extent it holds that section 627.428 does not apply to sureties.”
 
 Nichols,
 
 704 So.2d at 1374.