403 So.2d 600 (1981)
FINANCIAL INDEMNITY COMPANY, Appellant/Cross-Appellee,
v.
STEELE & SONS, INC., Charles E. Hobbs and Barbara L. Hobbs, Jointly and Severally, and W.W. Arnold Construction Company, Inc., Appellees/Cross-Appellants,
v.
SAFECO INSURANCE COMPANY, Appellee.
No. 79-1047.
District Court of Appeal of Florida, Fourth District.
September 16, 1981.
*601 R. Lee Bennett of Lowndes, Drosdick & Doster, Orlando, for appellant/cross-appellee.
Larry Klein, West Palm Beach and William J. Stewart of McKinnon & Stewart, Vero Beach, for appellee/cross-appellant W.W. Arnold Const. Co.
Ronald W. Sikes of Welbaum, Zook, Jones & Williams, Orlando, for appellee, Safeco Ins. Co.
HURLEY, Judge.
This appeal challenges a final judgment obtained by a general contractor's surety against a sub-contractor's surety. We affirm.
River Club of Martin County, Inc., (River Club), an owner/developer, entered into a contract with W.W. Arnold Construction Company, Inc., (Arnold), to construct a condominium project. The contract required Arnold to obtain a labor and material payment bond to safeguard River Club. Accordingly, Arnold procured a bond from the Safeco Insurance Companies, (Safeco), which provided that, if Arnold or one of its sub-contractors failed to pay for labor and material supplied by a sub-contractor or a sub-sub-contractor, Safeco would satisfy the claim. At the same time it purchased the bond, Arnold signed a general agreement of indemnity wherein it agreed to indemnify Safeco for any monies that Safeco might have to pay out under the labor and material bond.
Next, Arnold entered into a contract with Steele and Sons Mechanical Contractors, Inc., (Steele), for plumbing work on the condominium project. Clause 14 of their contract required Steele to furnish a bond, payable to Arnold, in the sum of $80,580.00. In compliance with this provision, Steele purchased a "subcontract bond" from the Financial Indemnity Company (Financial) which provided that Financial would safeguard Arnold, the general contractor, from "all loss or damage which ... [Arnold] may sustain by reason of ... [Steele's] failure ... to pay claims for labor, services or materials, furnished and used ... in connection with the performance of ... [the] Sub-contract... ."
Construction on the project was halted before its completion. Sometime later, Arnold learned that although Steele had certified *602 otherwise, three of Steele's suppliers had not been fully paid. The suppliers instituted legal proceedings to recover the monies owed and, since each supplier qualified as a "claimant" under the Safeco labor and material bond, Safeco satisfied each claim and instituted the present suit against Financial. The trial court ruled in favor of Safeco and this appeal ensued.
Whether Steele defaulted on its contract with Arnold by failing to pay its suppliers, and the calculation of the exact sum due to each supplier, were factual issues for the trial court's resolution. Since the record contains competent, substantial evidence to support the court's findings, we cannot substitute our judgment for that of the trial court. Bowles v. Mitchell Investments, Inc., 363 So.2d 1106 (Fla.3d DCA 1978). Consequently, we are left with Financial's major contention that since its bond with Steele explicitly indicates that it "is one of indemnity only and does not inure to the benefit of or confer any right of action upon any person other than ... Arnold," Financial can never be liable to anyone but Arnold. We disagree. In our view, the facts of the case at bar are sufficiently analogous to those in Argonaut Insurance Co. v. Commercial Standard Insurance Co., 380 So.2d 1066 (Fla.2d DCA), review denied, 389 So.2d 1108 (Fla. 1980), to hold that Argonaut is applicable to and dispositive of the present case. It provides ample justification for the trial court's decision that Safeco is entitled to recover from Financial.
Second, Financial contends that since its bond is silent on the issue of attorney's fees, in no event can Safeco's award include a sum for attorney's fees. We disagree. Section 627.428, Florida Statutes (1979) provides in part:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
Additionally, Section 624.03, Florida Statutes (1979), defines an "insurer" to include "every person engaged as [an] indemnitor, [or] surety...." Section 624.606(2), Florida Statutes (1979), defines "surety insurance" as, inter alia, "[i]nsurance guaranteeing the performance of contracts, ... and guaranteeing and executing bonds, undertakings, and contracts of suretyship."
In our view, Financial qualifies as an insurer within the meaning of Section 627.428 and, consequently, it is liable for Safeco's attorney's fees. See First National Bank of Miami v. Insurance Co. of North America, 535 F.2d 284 (5th Cir.1976).
We have carefully reviewed appellant's other contentions and find that it has not established reversible error. Therefore, the judgment is AFFIRMED.
MOORE and BERANEK, JJ., concur.