688 So.2d 330 (1997)
Arthur MODDER and Gail Modder, Appellants,
v.
AMERICAN NATIONAL LIFE INSURANCE COMPANY OF TEXAS, Appellee.
No. 88402.
Supreme Court of Florida.
February 20, 1997.
*331 William Rutger, Clearwater, for Appellants.
Brett J. Preston and Dennis P. Waggoner of Hill, Ward & Henderson, P.A., Tampa, for Appellee.
PER CURIAM.
We have for review a question of Florida law concerning an insured's entitlement to attorney's fees from an insurer certified by the United States Court of Appeals for the Eleventh Circuit that is determinative of a cause pending in the federal courts and for which there appears to be no controlling precedent. We have jurisdiction. Art. V, § 3(b)(6), Fla. Const.

FACTS
Arthur and Gail Modder sued American National Life Insurance Company of Texas (ANTEX) in United States District Court for reinstatement of a group health insurance policy under which they were covered as members of the National Business Association (NBA) and which ANTEX later rescinded. ANTEX counterclaimed, asserting that the Modders improperly misrepresented facts to ANTEX in the application for insurance. The Modders prevailed after a jury trial and ANTEX reinstated their insurance coverage.
After receiving the favorable judgments, the Modders filed a motion for attorney's fees under section 627.6698, Florida Statutes (1995). ANTEX opposed the motion, arguing the exclusionary provision of section 627.6515(2) precluded attorney's fees from being assessed against it. The federal district court initially granted the Modders' motion for attorney's fees, holding that ANTEX failed to establish that their insurance policy fell within the exclusionary provision. However, ANTEX filed a motion for reconsideration and submitted additional evidence of its inclusion within the exclusionary provision. The district court subsequently reversed the initial order and denied attorney's fees to Gail Modder. Although the order referenced only Gail, the Modders submit that the order also denied Arthur's claims. Both Arthur and Gail Modder appealed the district court's order denying them attorney's fees.
The Eleventh Circuit found that the parties had raised issues of first impression under Florida law and that no Florida court has addressed the application, if any, of the exclusionary provision of section 627.6515, Florida Statutes (1995), to the attorney's fee provision of section 627.6698, Florida Statutes (1995). The Eleventh Circuit certified for our review the following question:
DOES THE EXCLUSIONARY PROVISION OF SECTION 627.6515(2), FLORIDA STATUTES, EXEMPT AN INSURER FROM ATTORNEY'S FEES LIABILITY UNDER SECTION 627.6698, FLORIDA STATUTES, AND IF SO, HAS THE INSURER IN THIS CASE PROVIDED THE FACTUAL PREDICATE NECESSARY TO COME *332 WITHIN THE EXCLUSIONARY PROVISION?
Modder v. American Nat'l Life Ins. Co., 86 F.3d 1070, 1071-72 (11th Cir.1996).

ANALYSIS
The two-part question certified presents this Court with a straightforward question of statutory construction and application. At the outset, we must determine whether the exclusionary provision of section 627.6515(2) exempts an insurer from attorney's fees liability under section 627.6698. Section 627.6515, within part VII of chapter 627, Florida Statutes (1995), and entitled "Out-of-state groups," reads in pertinent part:
(1) Any group health insurance policy issued or delivered outside this state under which a resident of this state is provided coverage shall comply with the provisions of this part in the same manner as group health policies issued in this state.
(2) This part does not apply to a group health insurance policy issued or delivered outside this state under which a resident of this state is provided coverage if:

(a) The policy is issued to an employee group the composition of which is substantially as described in s. 627.653; a labor union group or association group the composition of which is substantially as described in s. 627.654; an additional group the composition of which is substantially as described in s. 627.656; a group insured under a blanket health policy when the composition of the group is substantially in compliance with s. 627.659; a group insured under a franchise health policy when the composition of the group is substantially in compliance with s. 627.663; an association group to cover persons associated in any other common group, which common group is formed primarily for purposes other than providing insurance; a group which is established primarily for the purpose of providing group insurance, provided the benefits are reasonable in relation to the premiums charged thereunder and the issuance of the group policy has resulted, or will result, in economies of administration; or a group of insurance agents of an insurer, which insurer is the policyholder;
(b) Certificates evidencing coverage under the policy are issued to residents of this state and contain in contrasting color and not less than 10-point type the following statement: "The benefits of the policy providing your coverage are governed primarily by the law of a state other than Florida"; and
(c) The policy provides the benefits specified in ss. 627.419, 627.6574, 627.6575, 627.6579, 627.6613, 627.667, and 627.6675.
(Emphasis added.) Section 627.6698, also within part VII of chapter 627 and entitled "Attorney's fees," reads as follows:
(1) Upon the rendition of a judgment by any of the courts of this state against an insurer and in favor of any resident of this state who is one of a group of persons insured under a master group health insurance policy executed by the insurer and covering residents of this state, whether issued or delivered inside or outside this state, the trial court or, in the event of an appeal in which the insured prevails, the appellate court shall award the insured a reasonable attorney's fee. However, attorney's fees shall not be allowed if the suit was commenced prior to the expiration of 60 days after proof of the claim was duly filed with the insurer.
(2) When so awarded, the attorney's fee shall be included in the judgment or decree rendered in the case.
(Emphasis added.)
The Modders argue that the exclusionary provision of section 627.6515(2), Florida Statutes (1995), does not exempt ANTEX from the all-inclusive language of the attorney's fees provision under section 627.6698, Florida Statutes (1995).
The Modders contend that because the Florida Legislature enacted the attorney's fees provision after the exclusionary provision, the legislature could not have contemplated that section 627.6515(2) would exempt an insurer from fee liability under section 627.6698.
*333 In the alternative, the Modders argue that ANTEX failed to establish that the NBA came within the exclusionary provision of section 627.6515(2).
On the other hand, ANTEX maintains that it issued and delivered its policy to the NBA outside of Florida and has otherwise satisfied all the requirements of the exclusionary provision. ANTEX argues that the NBA was formed for purposes other than providing insurance and comprises an association group under section 627.6515(2), thereby qualifying for exemption from attorney's fee liability under section 627.6698. Consequently, ANTEX contends that after reconsideration the district court correctly interpreted the statutes in question and denied the appellants' motion for attorney's fees. See Modder, 86 F.3d at 1071.
In Holly v. Auld, 450 So.2d 217 (Fla.1984), this Court explained that while extrinsic aids and rules of statutory construction and interpretation are available to courts where statutes are ambiguously worded, "[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Id. at 219 (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 1144, 137 So. 157 (1931)). We conclude the plain language of these statutes indicates that the exclusionary provision of section 627.6515(2) exempts insurers from liability for attorney's fees under section 627.6698.
As ANTEX points out, both sections 627.6515(2) and 627.6698 are found in part VII of chapter 627 of the Florida Statutes. Section 627.6515(2) clearly states: "This part [part VII] does not apply to a group health insurance policy issued or delivered outside of this state under which a resident of this state is provided coverage if ..." and then sets forth three requirements that the policy in question must meet. The plain meaning of this statute is that none of the provisions in part VII of chapter 627 apply to certain types of group health insurance policies issued out of state. Because section 627.6698 is within part VII, it is among the statutory sections that are not applicable to those "exempt" policies. While the text of section 627.6698 is not selflimiting, its application is clearly limited by the terms of section 627.6515(2).
Moreover, contrary to the Modders' assertion that section 627.6515(2) exempts certain policies only from the "compliance" provisions of part VII and not the penalty portion, section 627.6515(2) does not contain an exception for section 627.6698 attorney fee liability that would make it applicable to the otherwise exempt policies. The legislature could have made the attorney's fee penalty applicable to these policies, but it declined to do so. We are left to construe the statute as it is plainly written. Thus, we answer the first part of the Eleventh Circuit's certified question in the affirmative and hold that the clear language of section 627.6515(2) establishes that the attorney's fee penalty of section 627.6698, like the rest of part VII, is not applicable to policies described in section 627.6515(2).
Finally, then, we address the second part of the Eleventh Circuit's question asking us to determine if the ANTEX policy meets the requirements for exemption set out in section 627.6515(2). As the parties in this case acknowledge, the answer to this question turns on the proper interpretation of the following language in section 627.6515(2)(a): "an association group to cover persons associated in any other common group which common group is formed primarily for purposes other than providing insurance." Reading this subsection of the statute in relation to the entire section, we reject the Modders' argument that this language in section 627.6515(2)(a) requires that the ANTEX policy issued to an "association group"the NBAmust actually cover persons who are associated in some other common group independent of the NBA. To the contrary, we agree with the federal district court's interpretation of this phrase. That is, the phrase "associated in any other common group" in section 627.6515(2)(a) does not refer to some other group independent of the "association group" covered by the group insurance policy. Rather, the language merely distinguishes the association group covered by the policy and "formed primarily *334 for purposes other than providing insurance," from the other types of groups listed in section 627.6515(2)(a) that are also exempt from the requirements set out in part VII of chapter 627.

CONCLUSION
In light of the district court's factual findings that (1) the NBA was formed primarily for purposes other than providing insurance, and (2) that ANTEX also has complied with section 627.6515(2)(b) and (c), we answer the second part of the Eleventh Circuit's question in the affirmative. Accordingly, we conclude that the ANTEX group policy providing health insurance coverage to the Modders comes within the exclusionary provision of section 627.6515(2).
Having answered the certified questions, we return this case to the Eleventh Circuit for further proceedings.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.