United States Court of Appeals,

Eleventh Circuit.

No. 95-3020.

Arthur MODDER and Gail Modder, Plaintiffs-Counter Defendants-Appellants,

v.

AMERICAN NATIONAL LIFE INSURANCE COMPANY OF TEXAS, Defendant-Counter Claimant-Appellee.

May 29, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 92-1243-CIV-T-24C), Elizabeth A. Jenkins, Judge.

Before HATCHETT, Chief Judge, ANDERSON, Circuit Judge, and WOOD[*], Senior Circuit Judge.

PER CURIAM:

In a prior opinion, *Modder v. American Nat'l Life Ins. Co.,* 86 F.3d 1070 (11th Cir.1996), we determined that this case involved a dispositive but unsettled question of Florida law. Accordingly, we certified the following question to the Supreme Court of Florida:

> Does the exclusionary provision of Section 627.6515(2), Florida Statutes, exempt an insurer from liability under Section 627.6698, Florida Statutes, and if so, has the insurer in this case provided the factual predicate necessary to come within the exclusionary provision?

*Modder,* 86 F.3d at 1071-72.

The Supreme Court of Florida has now answered the certified question in the affirmative stating:

> [W]e answer the first part of the Eleventh Circuit's certified question in the affirmative and hold that the clear language of section 627.6515(2) establishes that the attorney's fee penalty of section 627.6698, like the rest of part VII, is not applicable to policies described in section 627.6515(2).

---

[*]Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

....

In light of the district court's factual findings that (1) the NBA [National Business Association] was formed primarily for purposes other than providing insurance, and (2) that ANTEX [American National Life Insurance Company of Texas] also has complied with section 627.6515(2)(b) and (c), we answer the second part of the Eleventh Circuit's question in the affirmative.

*Modder v. American Nat'l Life Ins. Co.,* 688 So.2d 330, 333-34 (Fla.1997).

Based on this answer, we conclude, as did the Supreme Court of Florida, that the ANTEX group policy providing health insurance coverage to the Modders comes within the exclusionary provision of Section 627.6515(2), Florida Statutes. Accordingly, we affirm the district court's order denying the Modders' motion for attorney's fees.

AFFIRMED.