United States Court of Appeals,

Eleventh Circuit.

No. 95-3020.

Arthur MODDER and Gail Modder, Plaintiffs-Counter Defendants-Appellants,

v.

AMERICAN NATIONAL LIFE INSURANCE COMPANY OF TEXAS, Defendant-Counter Claimant-Appellee.

July 1, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 92-1243-CIV-T-24C), Elizabeth A. Jenkins, Judge.

Before HATCHETT and ANDERSON, Circuit Judges, and WOOD[*], Senior Circuit Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO ARTICLE V, SEC. 3(6) OF THE FLORIDA CONSTITUTION

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves an unanswered question of Florida law that is determinative of this appeal. Therefore, we certify the following question of law, based on the background recited below, to the Supreme Court of Florida for instructions.

FACTS

Appellants, Arthur Modder and Gail Modder, contend the exclusionary provision of section 627.6515(2), Florida Statutes does not exempt appellee, American National Life Insurance Company of Texas (Antex), from the all-inclusive language of the attorney's

---

[*]Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

fees provision under section 627.6698, Florida Statutes. Appellants contend that because the legislature enacted the attorney's fees provision after the exclusionary provision, the legislature could not have contemplated that section 627.6515(2) would exempt an insurer from fee liability under section 627.6698. Alternatively, appellants contend that Antex failed to establish that the National and Business Association (NBA), came within the exclusionary provision of section 627.6515(2).

Antex contends that it issued and delivered its policy outside of the state of Florida, satisfying all the requirements of the exclusionary provision. Antex further contends that the NBA was formed for purposes other than providing insurance and comprises an association group under section 627.6515(2), thereby qualifying for exemption from fee liability under section 627.6698. Antex contends that the district court correctly interpreted the statutes in question and denied the appellants' motion for attorney's fees.

PROCEDURAL HISTORY

Appellants sued Antex for reinstatement of a group health insurance policy which Antex issued to them and later rescinded. Antex counterclaimed asserting that appellants improperly misrepresented facts to Antex in the application for insurance. Ultimately, the appellants prevailed and Antex reinstated their insurance coverage.

After receiving the favorable judgments, appellants filed a motion for attorney's fees under section 627.6698, and Antex opposed the motion arguing the exclusionary provision of section 627.6515(2) precluded attorney's fees against Antex. The district

court granted appellants' motion for attorney's fees against Antex holding that Antex failed to establish that their insurance policy fell within the exclusionary provision.

Antex filed a motion for reconsideration and submitted additional evidence of their inclusion within the exclusionary provision. The district court subsequently reversed the initial order and denied attorney's fees to appellant Gail Modder. Although the order only referenced Gail, the appellants submit that the order also denied Arthur's claims. Both appellants appealed the district court's order denying them attorney's fees.

DISCUSSION

We find that the parties in this appeal have raised issues of first impression under Florida law. No Florida court has addressed the application, if any, of the exclusionary provision of section 627.6515, Florida Statutes to the attorney's provision of section 627.6698, Florida Statutes. Because the outcome of this appeal rests solely on the correct clarification of Florida law, we refrain from resolving the issues and certify the question to the highest court in Florida.

Accordingly, we certify the following question to the Supreme Court of Florida:

> DOES THE EXCLUSIONARY PROVISION OF SECTION 627.6515(2), FLORIDA STATUTES EXEMPT AN INSURER FROM ATTORNEY'S FEES LIABILITY UNDER SECTION 627.6698, FLORIDA STATUTES, AND IF SO, HAS THE INSURER IN THIS CASE PROVIDED THE FACTUAL PREDICATE NECESSARY TO COME WITHIN THE EXCLUSIONARY PROVISION.

The phrasing of this question is not intended to limit the Supreme Court in considering the issue presented or the manner in which it gives its answer. The entire record in this case and the

briefs of the parties shall be transmitted to the Supreme Court of Florida for assistance in answering this question.

QUESTION CERTIFIED