779 So.2d 421 (2000)
RLS BUSINESS VENTURES, INC., and Richard Lee Soto, Appellants,
v.
SECOND CHANCE WHOLESALE, INC., Second Chance Finance, Inc., Seminole Finance Corporation, and Michael G. Krizmanich, Appellees.
No. 2D99-940.
District Court of Appeal of Florida, Second District.
October 11, 2000.
*422 Daniel Joy of Law Office of Daniel Joy, Sarasota, for Appellants.
Henry A. Stein and Phyllis J. Towsey of Stein, Ford, Schaaf & Towzey, L.L.P., St. Petersburg, and James M. Shuler of Kass, Shuler, Solomon, Spector, Foyle & Singer, P.A., Tampa, for Appellees.
NORTHCUTT, Judge.
The parties in this dispute were formerly involved in a used car business: RLS Business Ventures and its president Richard Soto sold cars to retail customers; Michael Krizmanich and his companies, Second Chance Wholesale, Second Chance Finance and Seminole Finance, provided cars to RLS and financing for the retail customers. These business dealings ultimately soured in late 1995. Second Chance Finance and Second Chance Wholesale brought suit against RLS and Soto to replevy cars on the RLS lot; RLS and Soto responded with counter-claims and filed third-party claims against Seminole and Krizmanich. All of the claims in the litigation were eventually resolved against RLS and Soto. They appeal, raising four issues for our consideration.[1]
RLS's first issue concerns its only claim that was actually submitted to a jury, usury. Section 687.03, Florida Statutes (1995), defines usury as "reserv[ing], charg[ing] or tak[ing] for any loan, advance of money, line of credit, forbearance to enforce the collection of any sum of money or other obligation a rate of interest greater than the equivalent of 18 percent per annum simple interest...." During deliberations, the jurors questioned the court about what might constitute a "loan" under the statute. In response, the judge reread the agreed-upon instruction defining usury, which tracked the statutory language. RLS seeks a new trial, claiming error in the judge's response to the question. We disagree, and affirm.
Our affirmance on this issue disposes of another issue, RLS's claim that the court erred in directing a verdict on its count against Second Chance based on the Civil Remedies for Criminal Practices Act, *423 chapter 772, Florida Statutes, (1995). RLS asserted that Second Chance's alleged usury was the "criminal activity" that triggered its rights under this chapter. See § 772.102(1)(a)10., Fla. Stat. (1995). The jury returned a verdict in favor of Second Chance on the usury claim. Without a "criminal activity," RLS has no cause of action under this chapter. Because we have rejected the argument for a new trial on usury, this point on appeal is moot.
We agree with RLS's and Soto's next point, that the court erred in awarding Second Chance damages against them. Second Chance claimed that RLS owed approximately $8000 for the sale of two used automobiles. RLS asserted a set-off defense, which Second Chance denied. Yet Second Chance never proposed instructions on this claim, or asked that it be submitted to the jury. After trial, Second Chance moved for the entry of judgment, but did not mention this claim for damages. Its proposed final judgment, however, reflected an award of $8,677 against RLS and Soto. We hold that Second Chance waived its damages claim when it did not ask that it be submitted to the jury. See Vine v. Scarborough, 517 So.2d 726 (Fla. 3d DCA 1987). We also note that all parties agreed that the award against Soto, individually, was improper for the additional reason that he was not named in the count. We reverse the damage award against RLS and Soto.
Affirmed in part, reversed in part.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.
NOTES
[1] For brevity's sake, in the rest of this opinion we will refer to RLS and Soto as "RLS" and all the appellees as "Second Chance," unless it is necessary to single out a specific party.