**In re Ralph H. GREENWASSER, Debtor.**

**Stacey Allen and Michael Allen, Plaintiffs,**

v.

**Ralph H. Greenwasser, Defendant.**

**Bankruptcy No. 01–20287–BKC–PGH. Adversary No. 01–02121–BKC–PGH–A.**

United States Bankruptcy Court, S.D. Florida.

Dec. 4, 2001.

Michael Garcia Petit, Miami, FL, for plaintiffs.

Daniel C Stump, Ft. Lauderdale, FL, for debtor/defendant.

### MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court on July 31, 2001 upon Stacey Allen and Michael Allen's ("Plaintiffs") Motion for Summary Judgment against Defendant

Ralph H. Greenwasser (the "Debtor"). On August 20, 2001, the Debtor filed a Reply to Plaintiff's Motion for Summary Judgment (the "Response"). On August 24, 2001, the Plaintiff filed a Response to Debtor's Reply to Plaintiff's Motion for Summary Judgment (the "Reply"). On August 31, 2001, the Plaintiff and the Debtor filed a Joint Stipulation of Facts (the "Stipulation of Facts"). Having carefully reviewed the Motion for Summary Judgment, the Response, the Reply, and the Stipulation of Facts, the Court hereby enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Ralph H. Greenwasser (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 17, 2001. On December 27, 1999 at approximately 11:40 A.M., the Plaintiff, Stacey Allen, was driving her car and was stopped at a red traffic light. While the Plaintiff was waiting for the traffic light to turn green, the Debtor crashed into the rear of the Plaintiff's vehicle. The impact resulted in physical injury to the Plaintiff, as well as property damage to the Plaintiff's vehicle. After the accident occurred, the Debtor exited his car and fled the accident scene.

The Debtor was later apprehended by the Town of Davie Police. Upon apprehension, Officer Daniels of the Town of Davie Police Department stated that the Debtor had an odor of alcohol on his breath. The Debtor admitted to the police that he had been drinking. The police had also discovered an open bottle of alcohol in the Debtor's car at the accident scene. Subsequently, the Debtor was unable to successfully complete a roadside sobriety test, and refused to submit to a blood or breath alcohol test. The Debtor was arrested for leaving the scene of an accident with injury, driving under the influence with property damage or personal injury, and possession of an alcoholic open container. On July 7, 2000, the Debtor pleaded no contest to all counts, and was adjudicated guilty for driving under the influence with injury to the person of another.

On September 6, 2000, the Plaintiffs filed a civil lawsuit against the Debtor in the circuit court for Broward County. The state court proceeding has been stayed as a result of the Debtor's bankruptcy filing.

On April 20, 2001, the Plaintiff filed a Complaint to Deny Discharge of Debt (the "Complaint"), instituting the instant Adversary Proceeding. In the Complaint, the Plaintiff asserts that under 11 U.S.C. § 523(a)(6) and (a)(9), the Debtor cannot receive a discharge as to any debt owed to the Plaintiffs as a result of the Debtor's driving under the influence of alcohol.

The Motion for Summary Judgment seeks a determination that the Debtor's plea in the underlying criminal prosecution estops him from denying the fact that he was legally intoxicated at the time of the accident. As such, the Plaintiff asks the Court to deny the Debtor's discharge; vis-a-vis, any money judgment awarded to the Plaintiff in a state court proceeding for damages against the Debtor.

In the Response, the Debtor denies all allegations of intoxication and injury to the Plaintiff therefrom. The Debtor further argues that Florida Statutes § 772.14 does not operate as to bar his denial of the allegation that he was intoxicated at the time of the accident.

### CONCLUSIONS OF LAW

The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1), and 157(b)(2)(I). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

■ Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056(c), provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Rice v. Branigar Org., Inc.,* 922 F.2d 788 (11th Cir.1991); *Rollins v. TechSouth, Inc.,* 833 F.2d 1525 (11th Cir.1987); *In re Pierre,* 198 B.R. 389 (Bankr.S.D.Fla.1996). Rule 56 is based upon the principle that if the court is made aware of the absence of genuine issues of material fact, the court should, upon motion, promptly adjudicate the legal questions which remain and terminate the case, thus avoiding the delay and expense associated with a trial. *See United States v. Feinstein,* 717 F.Supp. 1552 (S.D.Fla.1989). In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED R. CIV. P. 1). "Summary judgment is appropriate when, after drawing all reasonable inference in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Murray v. National Broad. Co.,* 844 F.2d 988, 992 (2d Cir. 1988).

The legal standard governing the entry of summary judgment has been articulated by the United States Supreme Court in *Celotex* and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In *Celotex* and *Anderson,* the Supreme Court focused on the question of what constitutes a genuine issue of material fact within the meaning of Rule 56. In *Celotex,* the Court held that the moving party may satisfy the burden imposed by Rule 56 in two ways: the moving party may submit affidavit evidence that negates an essential element of the non-moving party's claim and/or the moving party may demonstrate that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *See Celotex,* 477 U.S. at 328, 106 S.Ct. 2548.

In *Anderson,* the Court stated that the standard for summary judgment mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which provides that the trial judge must direct a verdict if there can be but one reasonable conclusion as to the verdict. *See Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The Court explained that the inquiry under summary judgment and directed verdict are the same: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

In order to defeat a motion for summary judgment under this standard, the non-moving party must do more than simply show that there is some doubt as to the facts of the case. *See id.* at 252, 106 S.Ct. 2505. Rule 56 must be construed not only with regard to the party moving for summary judgment but also with regard to the non-moving party and that party's duty to demonstrate that the movant's claims have no factual basis. *See id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* Thus, the non-moving party must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed fact to prevent a court's entry of summary judgment. *See First Nat. Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Resolution Trust Corp. by the FDIC v. Clark,* 741 F.Supp. 896 (S.D.Fla.1990); *In re Pierre,* 198 B.R. 389 (Bankr.S.D.Fla. 1996).

### I. Florida Statute § 772.14 Does Not Estop the Debtor from Denying Intoxication at the Time of the Accident.

In their Motion for Summary Judgment, the Plaintiffs assert that the doctrine of collateral estoppel bars the Debtor from denying the fact that he was intoxicated at the time of the accident. Specifically, the Plaintiffs argue that under Florida Statutes § 772.14, the Debtor is estopped in a civil action from denying conduct for which he was found guilty of in an underlying criminal prosecution. In support of their argument, the Plaintiffs rely heavily on the Florida Supreme Court's holding in *Starr Tyme, Inc. v. Cohen,* 659 So.2d 1064 (Fla. 1995)

Chapter 772 of the Florida Statutes is entitled the Civil Remedies for Criminal Practices Act. As set forth in Chapter 772, Florida Statutes § 772.14 reads as follows:

> **772.14 Estoppel of defendant.**—A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action *under this chapter*, or in any criminal proceeding under chapter 895, shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.

FLA. STAT. § 772.14 (1999)(emphasis added).

The meaning of section 772.14 is clear. Under Florida law, "when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Hott Interiors, Inc. v. Fostock,* 721 So.2d 1236, 1238 (Fla. 4th DCA 1998)(quoting *Modder v. American Nat'l Life Ins. Co. of Tex.,* 688 So.2d 330, 333 (Fla.1997)).

In order for section 772.14 to apply, the Debtor in the instant civil proceeding had to have been convicted in the underlying criminal proceeding for an offense that forms the basis of a "criminal activity" under chapter 772. *See, e.g., RLS Bus. Ventures, Inc. v. Second Chance Wholesale, Inc.,* 779 So.2d 421, 423 (Fla. 2d DCA 2000)(stating that usury was the alleged "criminal activity" triggering the plaintiff's rights under this chapter). Section 772.102(1)(a) enumerates a number of criminal activities ranging from homicide

to horse racing. However, nowhere in this section is the crime for which the Debtor was convicted; to-wit, Florida Statutes § 316.193; driving under the influence of alcohol.

The factual scenario in *Starr Tyme* is inapposite to the case at bar. In *Starr Tyme*, the trial court adjudicated the defendant guilty of petit theft, a second-degree misdemeanor under Florida Statutes § 812.014. Chapter 812 of the Florida Statutes, relating to theft, is specifically listed as a criminal activity under the Civil Remedies for Criminal Practices Act; as stated *supra* driving under the influence is not so listed. Although this Court believes that driving under the influence is no less of a crime than petit-theft, under the law the Court is constrained to find that Florida Statute § 772.114 is inapplicable to this proceeding. It follows, *a fortiori*, that the Debtor is not estopped from denying that he was intoxicated at the time of the accident.

## II. 11 U.S.C. § 523(a)(6) is Inapplicable to This Adversary Proceeding.

The next issue the Plaintiffs present raises an important distinction in § 523 of the bankruptcy code. In their Motion for Summary Judgment, the Plaintiffs ask this Court to find that their potential award in a state court proceeding is excepted from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(6). Section 523(a)(6) states that a discharge does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

Pursuant to the statute's plain language, this Court must find that both prongs of § 523(a)(6) have been established if a State Court Judgment is to be excepted from discharge. Specifically, the Court must find that the Plaintiffs have proven by a preponderance of the evidence that the Debtor's conduct was both willful and malicious.

Prior to 1998, courts were split as to whether injury caused while driving under the influence of alcohol was a "willful and malicious" injury. *See Ammons v. Edwards (In re Edwards)*, 212 B.R. 245, 247–48 (Bankr.E.D.Pa.1997). However, in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court clarified the scope of "willful and malicious injury." In that case, a patient sued her doctor for malpractice and obtained a jury verdict of approximately $355,000 in damages. The doctor subsequently filed for bankruptcy, and the patient challenged the dischargeability of the damage award on the ground that under § 523(a)(6), a debt incurred for "willful and malicious injury" by the debtor cannot be discharged. The patient argued that the doctor "intentionally rendered inadequate medical care" to her and that it "necessarily led to her injury." *Id.* at 61, 118 S.Ct. 974. The Court, however, held that for a debt to be nondischargeable, the party challenging the discharge must demonstrate that the debt was the result of an act involving an intentional or deliberate injury, not merely a reckless, deliberate, or intentional act that led to injury. *Id.* It is not enough that the act itself was intentional. Rather, the act must have been carried out with the actual intent to cause injury. Thus, it is not sufficient that an injury result from a negligent act. In reaching this conclusion, the Court specifically indicated that this standard corresponds to the traditional category of intentional torts. *Id.* (stating that "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts").

In the present case, the Plaintiffs do not allege that the Debtor's actions were intentional. Likewise, most cases have held that car accidents are considered negligent or reckless, rather than intentional. *See State Farm Mut. Auto. Insur. Co. v. Fielder, (In re Fielder)*, 799 F.2d 656 (11th Cir.1986) and cases cited therein. Having found that the Debtor does not meet the "willful" requirement of § 523(a)(6), the Court finds that this exception to discharge is inapplicable to the instant Adversary Proceeding.

### CONCLUSION

For the reasons stated in this Opinion, the Court finds that the Debtor is not estopped from denying the allegation that he was intoxicated at the time of the accident. As such, the question of whether or not the Debtor was intoxicated at the time of the accident remains a genuine issue of material fact to be determined at trial. Accordingly, the Plaintiffs' Motion for Summary Judgment is denied as to their claim under § 523(a)(9). Having found that the Debtor's actions do not meet the "willful" requirement of § 523(a)(6), the Plaintiffs' Motion for Summary Judgment is denied as to their claim under § 523(a)(6).

### ORDER

In accordance with the foregoing analysis and being otherwise fully advised in the premises, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Plaintiffs' Motion for Summary Judgment is DENIED as to their claim under 11 U.S.C. § 523(a)(9).

2. The Plaintiffs' Motion for Summary Judgment is DENIED as to their claim under 11 U.S.C. § 523(a)(6).