[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 10, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-17246

_____

D. C. Docket No. 94-10062 CV-JCP

TRANS COASTAL ROOFING COMPANY, INC.,

Plaintiff-Counter-
Defendant-Appellee,

INTERCARGO INSURANCE COMPANY,
a foreign corporation,

Counter-Defendant-Appellee,

versus

DAVID BOLAND INCORPORATED,
a Florida corporation,

Defendant-Counter-
Claimant-Appellant,

AMERICAN INSURANCE COMPANY,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 10, 2002)**

Before TJOFLAT and BARKETT, Circuit Judges, and WEINER[*], District Judge.

BARKETT, Circuit Judge:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO ARTICLE V, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION.  TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

David Boland, Inc. ("Boland"), a general contractor, appeals an order limiting his recovery of attorneys' fees from Intercargo Insurance Company ("Intercargo").  Intercargo's liability to Boland stems from a performance bond on which it was the surety for subcontractor Trans Coastal Roofing Company ("Trans Coastal").  In 1998 a jury found Trans Coastal and Intercargo jointly and severally liable to Boland for roughly $30,000.  Boland thereafter moved for attorneys' fees.  Although the district court awarded fees of roughly $275,000, it limited Intercargo's liability to $167,800, the sum specified on the face of the performance bond.  Because this case presents an important issue of Florida law that we believe is appropriate for resolution by the state's highest court, we defer our decision

---

[*]Honorable Charles R. Weiner, U.S. District Judge for the Eastern District of Pennsylvania.

pending certification of the question to the Supreme Court of Florida.

## BACKGROUND

Boland was the prime contractor on a training facility construction project for the United States Navy in Key West, Florida. In April 1993 Boland and Trans Coastal executed a subcontract under which Trans Coastal was to install roofing on certain structures erected by Boland. Pursuant to the subcontract, Trans Coastal provided a performance bond in the amount of $167,800, naming Boland as its obligee and Intercargo as its surety.

A dispute emerged between Boland and Trans Coastal over the roofing work, and litigation ensued in the Southern District of Florida. Both Trans Coastal and Boland claimed damages. After the district court dismissed Trans Coastal's claims without prejudice, Boland won a jury verdict against Trans Coastal, but not Intercargo, in the amount of $23,451.38. Boland prevailed on a motion for a new trial and in October 1998 a second jury awarded it a verdict against both Trans Coastal and Intercargo, jointly and severally, in the amount of $31,654.42. Boland thereafter moved the court for attorneys' fees of $357,121.52. The court awarded it $276,950.33, but determined Intercargo's liability to be limited to $167,800, the amount of the performance bond it issued.

## DISCUSSION

3

Since Boland's claim for attorneys' fees sounds in state law and reaches us by way of federal diversity jurisdiction, we apply the substantive law of Florida, the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).[1]

Florida Statutes § 627.428 provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

The purposes of the statute are to "discourage the contesting of valid claims against insurance companies" and "to reimburse successful insureds for their attorneys' fees when they are compelled to defend or sue to enforce their insurance contracts." Insurance Co. of North America v. Lexow, 602 So.2d 528, 531 (Fla. 1992). Section 627.428 applies to sureties as well as underwriters of renewable insurance policies. Nichols v. Preferred National Insurance Co., 704 So.2d 1371, 1374 (Fla. 1997); Financial Indem. Co. v. Steele & Sons, 403 So. 2d 600, 601-02 (Fla. 4th Dist. Ct. App. 1981) (applying provision to subcontractor's surety); see

---

[1]A federal district court's interpretation of state law is reviewed de novo. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); McMahan v. Toto, 256 F.3d 1120, 1130 (11th Cir. 2001).

also First National Bank of Miami v. Insurance Co. of North America, 535 F.2d 284, 286 (5th Cir. 1976).

The district court, relying on Nichols v. Preferred National Insurance Co, 704 So.2d 1371, 1374 (Fla. 1997), interpreted Florida law to require Boland to show independent misconduct by Intercargo before the latter's liability as a surety would be expanded beyond the performance bond's face amount. Since Boland had not shown any misconduct on Intercargo's part, the district court limited Boland's recovery of attorneys' fees to the bond's specified sum. Boland now argues that the bond's face amount limits only the recovery of compensatory damages, not attorneys' fees under § 627.428. Relying on State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla. 1993), Boland contends that § 627.428 makes an insurer's liability for attorneys' fees "an implicit part of every insurance policy issued in Florida."

We find no means of resolving the present controversy from the plain language of § 627.428. The only manifest limitation embodied in this language is that any fees awarded be "reasonable." In our view this does not compel a conclusion as to whether a surety may be charged fees in excess of a performance bond's face amount. Nor are we able to find conclusive guidance on this question in any decision of the Florida Supreme Court.

5

"Where there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary Erie 'guesses' and to offer the state court the opportunity to interpret or change existing law." Mosher v. Speedstar Div. of AMCA Intern., Inc., 52 F.3d 913, 916-17 (11th Cir.1995) (citation omitted). We have previously found certification a helpful device when confronted with the question of how broadly to construe a Florida statute providing for the recovery of attorneys' fees from insurers. See Modder v. American Nat'l Life Insurance Co., 86 F.3d 1070 (1996) (addressing Fla. Stat. § 627.6698's authorization of fee recovery by persons insured under group health insurance policy). Accordingly, we certify the following question to the Florida Supreme Court:

DOES FLORIDA STATUTE § 627.428 AUTHORIZE RECOVERY OF ATTORNEYS' FEES IN EXCESS OF A PERFORMANCE BOND'S FACE AMOUNT FROM A SUBCONTRACTOR'S SURETY, WHEN THE FEES CLAIMANT HAS NOT SHOWN INDEPENDENT MISCONDUCT ON THE PART OF THE SURETY?

Our particular phrasing of the question is not intended to limit the Florida Supreme Court's inquiry. The entire record in this case, together with copies of the briefs, shall be transmitted herewith to the Supreme Court of Florida.

**QUESTION CERTIFIED.**