[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 9, 2003
THOMAS  K. KAHN
CLERK

_____

No. 01-17246

_____

D. C. Docket No. 94-10062 CV-JCP

TRANS COASTAL ROOFING COMPANY, INC.,

Plaintiff-
Counter-Defendant-
Appellee,

INTERCARGO INSURANCE COMPANY

Counter-Defendant-
Appellee,

versus

DAVID BOLAND INCORPORATED

Defendant
Counter-Claimant-
Appellant,

AMERICAN INSURANCE COMPANY,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(September 9, 2003)**

Before TJOFLAT and BARKETT, Circuit Judges, and WEINER[*], District Judge.

PER CURIAM:

The procedural history, facts, and issues in this case are contained in our previous opinion, which certified a dispositive question of state law to the Florida Supreme Court. *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758 (11th Cir. 2002). That Court has now answered the certified question in the affirmative. *See David Boland, Inc., v. Trans Coastal Roofing Company*, 28 Fla. L. Weekly S626 (Fla., July 11, 2003). The district court therefore erred in interpreting Florida Statutes § 627.428 to prohibit the recovery of attorneys' fees in excess of a performance bond's face amount from a subcontractor's surety when the fees claimant has not shown independent misconduct on the part of the surety. Accordingly, we VACATE the district court judgment with regard to limiting Intercargo's liability for attorneys' fees and REMAND this case for further proceedings consistent with the opinion of Florida Supreme Court.

_____

[*]Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania.